## UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  THE HONORABLE GARY S. KATZMAN, JUDGE

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 24-00263 |
| | ) | |
| UNITED STATES, | ) | PUBLIC DOCUMENT |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| United Steel, Paper and Forestry, Rubber, Manufacturing, | ) | |
|  Energy, Allied Industrial and Service Workers | ) | |
| International Union, AFL-CIO, CLC | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

## PLAINTIFF'S AMENDED MOTION TO COMPLETE
## OR SUPPLEMENT THE RECORD

Pursuant to Rules 7(b) and 73.2 of this Court and 19 U.S.C. §1516a(b)(2), and in

accordance with 5 U.S.C. §706, Plaintiff, Bridgestone Americas Tire Operations, LLC

("Bridgestone"), hereby respectfully moves this court for an order permitting supplementation or

completion of the record for judicial review in this action to include documents presented to or

obtained by the U.S. Department of Commerce ("Commerce" or the "agency") in the underlying

administrative proceeding which are either omitted, or included only in part, in the Certified

Record Index filed on February 3, 2025.

1

## BACKGROUND

Bridgestone commenced this appeal on December 23, 2024 with the filing of a Summons and Complaint asking that the Court hold Commerce's final determination as "unsupported by agency record as a whole, or is otherwise not in accordance with the law." 19 U.S.C. §1516a(b)(1)(B). ECF No. 10. At 3.  At issue before this court, as indicated in the Statement of Facts included in the Complaint, is Commerce's decision to apply total adverse facts available ("Total AFA") to Bridgestone. Commerce's justification for applying Total AFA is based on the following findings: (1) Bridgestone withheld information related to GCR, an affiliated reseller of tires in the United States; (2) Bridgestone withheld information related to rebates paid to U.S. customers, (3) Bridgestone withheld information related to other discounts, and (4) Bridgestone withheld information related to the destination of its U.S. shipments.  ECF No. 10 at 6, para. 24.

Plaintiff's Complaint alleges that Commerce's decision to apply Total AFA to Bridgestone is unsupported by substantial evidence on the record or otherwise not in accordance with the law, and that Commerce's decision to exclude certain information from the record was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.   For the Court to reach an informed decision in this action, it is important that certain documents Plaintiff seeks to add to the record in this motion are available for judicial review.   There are three types of documents Plaintiff seeks to add to the record

- Document Type 1 consists of documents specifically requested and reviewed by Commerce at verification, which are cited and described repeatedly on the record, and which form the basis of Commerce's application of Total AFA.   See Exhibit 2, Attachment 1.

DCACTIVE-79236023.1

- <u>Document Type 2</u> consists of documents requested and reviewed by Commerce in their entirety, but which are included only in part on the record, and which form the basis of Commerce's application of Total AFA.  See Exhibit 2, Attaachment 2.

- <u>Document Type 3</u> consists of documents derived entirely from the information contained in Document Type 2, which were created specifically at the request of Commerce, which were reviewed and relied upon by Commerce to make further finding on the record, but which are neither acknowledged nor included by Commerce on the record.   See Exhibit 2, Attachment 3.

## APPLICABLE LAW

In accordance with 19 U.S.C. §1516a(b)(2), judicial review in countervailing and antidumping duty proceedings requires that the record for review, "shall consist of a copy of all information presented to or obtained by {Commerce} during the course of the administrative proceeding."  Moreover, 5 U.S.C. §706, which sets for the scope of review of agency actions, directs the reviewing court to examine "the whole record or those parts of it cited by a party."  The Court "consider{s} matters outside of the administrative record submitted by the agency" when "there is a *reasonable basis* to believe the administrative record is incomplete."  *Hyundai Elec. & Energy Sys. Co. v. United States*, 44 CIT ___, 477 F. Supp. 3d 1324, 1329 (2020) (emphasis in original); *SeAH Steel Vina Corp. v. United States*, Slip Op. 24-134 (Ct. Int'l Trade Dec. 5, 2024), at 11 (same).  Further, "a court may order completion or supplementation of the record in light of clear evidence that the record was not properly designated or the identification of reasonable grounds that documents considered by the agency were not included in the record." *JSW Steel (USA) Inc. v. United States*, 44 CIT ___, 466 F. Supp. 3d 1320, 1328-29 (2020); *SeAH Steel Vina*, Slip Op. 24-134, at 11.  This is especially the case when an "agency expressly

3

incorporated such information into the proceeding at issue{.}" *Floral Trade Council v. United States*, 13 CIT 242, 243 (1989) (noting that, when an agency considers relevant documents outside the record, those documents are "before the agency for the purpose of the current decision."); *SeAH Steel Vina*, Slip Op. 24-134, at 11. "In other words, when the omitted information is sufficiently intertwined with the relevant inquiry so that the decision cannot be reviewed properly without it, then the Court should supplement the record if it would not unduly prejudice any party." *Id*.

This Court has recognized that supplementation of the record may be appropriate where "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision (2) if background information was needed to determine if an agency considered all relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." *Southern Cross Seafoods LLC v United States*, 47 CIT ___, ___, 658 F. Supp. 3d 1336, 1340 (2023) (quoting *City of Dania Beach v FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (internal citations omitted).

## ARGUMENT

Plaintiff submits that the legal standard for completion or supplementation of the record is met here for the three document types that are the subject of this motion and are attached to the accompanying Order. Each document type is identified and discussed further below.

Document Type 1 – Documents Reviewed at Verification, Cited by Commerce, but Excluded from the Record.

Plaintiff seeks to complete the record with the inclusion of the Accounts Receivable ("A/R") reports Commerce requested and reviewed at verification, described in its verification report and decision memorandum, and cites in support of its Total AFA. In its verification report,

4

Commerce describes the AR reports in question as "reconciliation reports" and discusses the

agency's understanding of the information reflected in these reports at length.  See Memorandum

to the File Dated August 22, 2024 Re: Verification of the Sales Response of Bridgestone

Corporation in the Antidumping Duty Investigation of Truck and Bus Tires from Thailand

("Verification Report"), at pages 2, 17-18.

> Specifically, Commerce found that,
>
> …the reconciliation did not include sales to all of the… requested affiliated GCR customers.  Company officials were unable to contact the personnel that had created the report for Commerce and, due to the short amount of time remaining for Commerce to verify any updated information and the incompleteness of the reconciliation, we declined to accept the reconciliation as a completeness test for the record.  We were consequently unable to identify the CEP sales in Bridgestone's U.S. sales database that were made to its affiliate GCR locations, or reconcile these sales to BATO's accounting system during the verification.

Id.

Counts I, II and III of Bridgestone's complaint challenge Commerce's finding that the AR reports

AKA "reconciliation" reports discussed supra, were incomplete. ECF No. 10 ¶¶ 26-54.

Bridgestone argues that the Commerce officials conducting the verification misunderstood the

nature and content of the reports, and therefore arrived at multiple erroneous conclusions.  For

reasons that remain unclear, this failure to comprehend the documents in question resulted in the

on-site verifier declining to take the reviewed documents as a verification exhibit. Verification

Report at 17.  Commerce then used the absence of this document from the record as the basis to

claim the agency was unable to verify the accuracy and completeness of Bridgestone's sales

database and accounting systems.  *Id*.  This claim is directly contradicted by Commerce's own

findings elsewhere on the record, as well as by the rejected documents themselves, which are not

DCACTIVE-79236023.1

the type of accounting records relevant or appropriate for purposes of testing either completeness or accuracy.

Completing the record with these examined and cited documents should be noncontroversial. These documents fit squarely within the statutory definition of what constitutes the record. Having them on the record prior to briefing would serve judicial efficiency and facilitate judicial review of the underlying legal issues before the Court.

Document Type 2 – excluded pages from Exhibit 10 of Commerce's Verification Report

Count V of Bridgestone's Complaint challenges Commerce's finding that Bridgestone failed to provide customer-specific rebate information, sorted largest to smallest, as requested by Commerce officials at verification. ECF No. 10 ¶¶ 60-73. *See also, e.g.*, Decision Memorandum at 21-22. As Bridgestone argued in its case brief, and as the record irrefutably shows, this information was in fact *provided* to Commerce, however, when preparing their exhibit, the Commerce officials in charge elected to include only sample pages from the source data. See CEP Verification Exhibit 10. Commerce openly admits that its inclusion of only sample pages of the customer specific rebate information is the reason it cannot reach certain conclusions at the final determination, but nevertheless, decides this lack of information provides further justification for Total AFA. Decision Memorandum, Id.

There can be no dispute that the document excerpt included in Commerce's verification exhibit consists of pages from a document that was presented to Commerce in its entirety. It is also evident that the document was reviewed by Commerce from the characterization of the alleged content of this document in the verification report and decision memorandum.

6

Verification Report at 25 to 26 ("discussing the report generated in the verification of REBATE1U, REBATE2U and REBATE3U); *see also* Decision Memorandum at 21-22 ("Requested Documentation for Rebates in the U.S. Market").  This document, which is extensively discussed in other record documents, fits squarely within the statutory definition of the administrative record and there is no reason to exclude it from the record for judicial review.

<u>Document Type 3 – Pivot Table created for and used by Commerce at Verification.</u>

In its decision memorandum for the final determination, Commerce admits that "it should have been possible" to derive customer-specific rebate information, sorted largest to smallest, from the report described in Document Type 2, *supra*, but goes on to claim that the information was not useful because identifying specific details therein "required organization and sorting by customer and rebate type to provide the information requested, collating the values using other data such as Bridgestone's customer codes and classification of rebates." Memo at 21. Commerce goes on to claim that the information "…does not exist within the current administrative record, and cannot be derived from the information on the record because the exhibit only contains a sample selection of the report from the rebate tracking system." *Id.*  In other words, Commerce admits in its own decision memorandum that the rebate data it sought to verify was available to it at verification, but claims it was not appropriately collated or sorted. This statement is incorrect.  The data in question was in fact organized and sorted for the very purpose described, and presented to Commerce at verification in the form of the summary table Plaintiff now seeks to include in the record.

The evidence on the record establishes that the summary table was in fact reviewed and used by Commerce because Commerce pulled documentation for the largest and smallest

amounts pertaining to a specific rebate and placed that information on the record as CEP

Verification Exhibit 10.   As Commerce admits, it could not have identified the largest and

smallest rebate amount by briefly inspecting the data contained in Document Type 2, so it must

have reviewed the pivot table in order to select the sample documentation included in the

verification exhibit.

      Because the facts demonstrate that this table was reviewed and relied upon by Commerce

in conducting verification and because Commerce alleges the information therein is missing

from the record due to non-cooperation on the part of Bridgestone, Plaintiff asks this Court to

include the pivot table in the record for purposes of judicial review.   Allowing supplementation

of the record in this instance is especially important where the information in question is directly

adverse to the position of the agency, and where the information serves to illuminate

inadequately explained reasoning by Commerce.   See *Southern Seafood*, 47 CIT at ___, 658 F.

Supp. 3d at 1340.

DCACTIVE-79236023.1

## COMPLIANCE WITH RULE 7(F) AND CONCLUSION

In accordance with Rule 7(f) of this court, on February 6, 2025, Plaintiffs contacted Defendant the United States and Defendant-Intervenor USW et al to seek good faith resolution of these evidentiary issues through consent to completion and supplementation of the record. Defendant does not consent to this Motion. Both Defendant and Defendant-Intervenor intend to file a response in opposition to this Motion, as set forth in the Joint Scheduling Order. ECF. No. 30.

For the reasons described above, the Court should grant this motion.

Respectfully submitted,

/s/ Daniel Cannistra____
Daniel Cannistra, Esq.
Pierce Lee, Esq.
Valerie Ellis, Esq.

Crowell & Moring
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004

*Counsel for Bridgestone Americas Tire Operations, LLC*

9

**Exhibit 1** – Affidavits of Pierce J. Lee and Daniel Cannistra (authenticating documents proposed to be included in the record).

**Exhibit 2** – Proposed Record Documents

- Attachment 1 - A/R pages reviewed at Verification

- Attachment 2 – Rebate report examined at verification and excerpted on the record in CEP Verification Exhibit 10.

- Attachment 3 – Pivot table prepared using Rebate report

DCACTIVE-79236023.1