UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor. | Court No. 24-00263 |
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 25-00004 |

**ORDER**

Upon consideration of defendant's motion to consolidate cases, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263, and *United Steel, et al. v. United States*, Ct. No. 25-00004, are consolidated under lead case *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263, and it is further

ORDERED that the index of the administrative record that the Department of Commerce has filed for *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263, shall be the administrative record for the consolidated matter.

Dated: _____, 2025                         _____
      New York, NY                                               JUDGE

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, )<br><br>Defendant-Intervenor. ) | Court No. 24-00263 |
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant. ) | Court No. 25-00004 |

**DEFENDANT'S MOTION TO CONSOLIDATE CASES**

Pursuant to Rule 42 of the Rules of this Court, defendant, the United States, respectfully requests that the Court consolidate *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263, and *United Steel, et al. v. United States*, Ct. No. 25-00004, under *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263. On March 3, 2025, Valerie Ellis, counsel for plaintiff Bridgestone Americas Tire Operations, LLC (Bridgestone), represented that Bridgestone opposes this motion. On March 3, 2025, Saad Chalchal, counsel for defendant-intervenor United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (USW), represented that USW consents to this motion.

On October 17, 2024, the Department of Commerce published its final affirmative determination in an antidumping investigation covering truck and bus tires from Thailand. *See Truck and Bus Tires from Thailand*, 89 Fed. Reg. 83,636 (Dep't of Commerce Oct. 17, 2024) (final determination), and accompanying issues and decision memorandum. Subsequent to publication, two actions have been commenced concerning the final determination: *Bridgestone Americas Tire Operations, LLC v. United States*, Ct. No. 24-00263, and *United Steel, et al. v. United States*, Ct. No. 25-00004.

We respectfully request that the Court consolidate these two cases under the first-filed case: *Bridgestone*, Ct. No. 24-00263. Good cause exists for this request. Pursuant to Rule 42, "{i}f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Court possesses "broad

2

discretion" in determining whether to grant consolidation.  *Manuli, USA, Inc. v. United States*, 659 F. Supp. 244, 247 (Ct. Int'l Trade 1987).

      Here, the plaintiffs in *Bridgestone* and *United Steel* each challenge the same administrative proceeding, and both cases have the same administrative record.  Thus, consolidating these cases will promote judicial efficiency and conserve the resources of the parties and the Court.  *See Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491 (N.D. Ill. 1983) (explaining that the "purpose of joining actions is to promote convenience and judicial economy") (citing *Johnson v. Manhattan Rwy. Co.*, 289 U.S. 479, 496-97 (1983)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2nd Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation.").

      While Bridgestone maintains that the cases should not be consolidated because it and USW are challenging different aspects of the underlying investigation, non-consolidation of the cases would pose serious challenges to the Court, Commerce, and the parties because the claims—while addressing separate issues—still interrelate by virtue of their origins in the same administration determination, and both sets of claims have the potential to affect the all-others rate calculated in the underlying proceeding.  If the cases remain separate actions and the Court remands aspects of the final determination to Commerce for further consideration, Commerce's subsequent remand redeterminations may reach the Court at different times, thereby resulting in a disorderly progression of the cases through this Court, and, if appealed, through the United States Court of Appeals for the Federal Circuit.

      This is particularly so given that both cases potentially implicate the rate applied to non-individually-investigated respondents (*i.e.*, the all-others rate), which generally reflects the weighted average of the dumping margins established for exporters and producers individually

3

investigated, excluding certain margins, including those based on the application of the adverse facts available (AFA).  *See* 19 U.S.C. § 1673d(c)(5).  Bridgestone challenges Commerce's application of total AFA.  *See* Bridgestone Compl. ¶¶ 56-59.  If Bridgestone succeeds in its challenge and Commerce—on remand—calculates a rate for Bridgestone not based on total AFA, Bridgestone's new rate would affect the calculation of the all-others rate.  USW challenges various aspects of Commerce's final determination regarding another mandatory respondent—Prinx Chengshan Tire (Thailand) Co. Ltd. (Prinx).  *See generally* USW Compl.  Any changes to Prinx's rate resulting from a successful challenge by USW would also impact the calculation of the all-others rate.  Because the all-others rate determined in the same underlying administrative proceeding is implicated by both cases, it would be unreasonable for the cases to proceed on separate tracks, potentially resulting in a situation where Commerce is required to piecemeal adjust the all-others rate multiple times in separate proceedings.

The litigation covering the first administrative review of the antidumping duty order on stainless steel nails from the People's Republic of China—*The Stanley Works (Langfang) Fastening Systems Co., Ltd. et al v. United States*, Ct. No. 11-00102, and *Mid Continent Nail Corp. v. United States*, Ct. No. 11-00119—illustrates the challenges that may arise from non-consolidation.  In those cases, the Court ordered partial consolidation, over the Government's objection and motion for full consolidation, and later had to grapple with the question of whether to allow Commerce's recalculation of the separate rate companies' rate in one case following the increase to the mandatory respondent's rate as a result of the Court's remand (and despite the fact that plaintiff petitioner had secured a preliminary injunction covering all entries in its case) in another case.  *See* Supplemental Briefing Order, Ct. No. 11-00119, ECF No. 160.  To avoid these administrative and judicial challenges in the present cases, the Court should grant the

4

motion for consolidation, because not consolidating the cases could result in "unnecessary cost or delay." USCIT 42(a). Moreover, because these cases have been assigned to the same judge, consolidation should not result in any increased administrative burden on the Court and should, in fact, increase efficiency for the Court and the parties by having a single briefing schedule, administrative record, and oral argument.

Given these considerations, consolidation of the cases is appropriate. The interests of judicial economy and conservation of administrative resources weigh in favor of resolving all challenges to Commerce's determination in a single action. Accordingly, we respectfully request that the Court grant our motion to consolidate.

                                          Respectfully submitted,

                                          YAAKOV M. ROTH
                                          Acting Assistant Attorney General

                                          PATRICIA M. McCARTHY
                                          Director

                                          <u>/s/Franklin E. White, Jr.</u>
                                          FRANKLIN E. WHITE, JR.
                                          Assistant Director

| OF COUNSEL: | /s/Sosun Bae<br>SOSUN BAE<br>Senior Trial Counsel |
|---|---|
| AYAT MUJAIS<br>Senior Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>Washington, D.C. 20230 | United States Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7568<br>Fax: (202) 514-8624 |
| March 4, 2025 | Attorneys for Defendant |