UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE GARY S. KATZMAN, JUDGE

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> United Steel, Paper and Forestry, Rubber, Manufacturing, ) <br> Energy, Allied Industrial and Service Workers ) <br> International Union, AFL-CIO, CLC ) <br> ) <br> Defendant-Intervenors. ) | Court No. 24-00263 <br><br> PUBLIC DOCUMENT |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO CONSOLIDATION**

On behalf of Plaintiff, Bridgestone Americas Tire Operations, LLC ("Bridgestone"), we submit this response in opposition to Defendant United States Motion to Consolidate this case with 25-00004, Prinx v United States. The reasons for consolidation provided by Defendant are unpersuasive and do not meet the legal standard required for consolidation.  Rather, Defendant's motion appears aimed at preventing the underlying U.S. agency from suffering even the most modest of inconveniences.  Rather than serve judicial efficiency, granting this motion would do nothing more than frustrate justice for Plaintiffs.

Consolidation is not granted as a matter of right but rather is available at the Court's discretion when doing so promotes judicial economy or avoids inconsistent results.  See Zenith

1

Elecs. Corp. v. United States, 15 CIT 539, 540 (1991) (quoting Manuli, USA, Inc. v. United States, 11 CIT 272, 277, 659 F.Supp. 244, 247 (1987)).  The lynchpin of consolidation is whether there are common questions of law, or fact. Id.  Here, Defendant seeks to consolidate two cases centered on entirely different companies where there are no common facts or related questions of law.  The issues in each are company-specific and fact intensive and address whether the Commerce Department margins calculations are supported by those portions of the record pertaining to the named company.  None of the facts that pertain to Bridgestone also pertain to Prinx, or vice versa.  While Defendant claims the administrative record is the same, this is not necessarily true even for the documents required to be submitted under Rule 78.3(b).  In the Prinx matter, where the record has not yet been filed, the decision memoranda relevant to the appeal would presumably be those memoranda pertaining to Prinx.  Unfortunately, Bridgestone can only speculate on that question, as the record has not yet been filed by the administering authority, much less or presented to the Court.[1]

    Defendant's motion does not identify any common questions of law in each matter because none exist.  As Defendant acknowledges, the potential overlap between the cases is limited to the secondary impact the combination of a revised margin calculation for the Plaintiff, Bridgestone, and/or a revised margin calculation for the non-party underlying entity in 25-00004, Prinx, could have on the "all others" rate.  This double recalculation of the all others rate would arise only in event that Defendant United States loses in both cases and is required to recalculate the company-specific margins on remand for each company. Defendant claims that having to

---

[1] At a minimum, it appears that at some point Prinx was the subject of Customs instructions not on the record of the current court appeal, or the underlying administrative record, based on the existence of two separate company numbers assigned to Prinx in the customs module (A-549-848-002 and A-549-848-003), only one of which is disclosed on the record before the Court here.  Whether or not this is a material omission is not for Bridgestone to consider, but it does go to an apparent difference in the record required to be presented for judicial review in each matter.

perform this calculation, which consists of averaging two number together, would create an undue burden. This burden, overstated as it is, would not even land on the Court but on the Department of Commerce. This hypothetical and exaggerated administrative "burden" does not speak to common issues of law or fact, and as such, does not form a legal basis on which the Court could rest a decision in favor of consolidation.

Defendant's alleged desire for efficiency is especially questionable here, given that no party in either case is even seeking recalculation of the "all others" rate. While Commerce may not be prohibited from doing so *sua sponte*, ordinarily this issue would only arise only if the domestic industry Plaintiff[2] in Prinx, seeking a higher margin outcome for that company, made such a request in their complaint, which they did not. Given that the domestic industry in the Prinx action prevailed in their arguments at the administrative level, leading Commerce to increase the rate for Prinx from *de minimis* to over 12 percent, it is unclear exactly what the Plaintiffs in that action hope to achieve. It is also unclear why the Defendant United States has declined to move for dismissal in that action for Insufficiency of Process, given Plaintiff's failure to name Prinx or their counsel in the Summons, as parties to be served notice that an action against their interest had commenced. By failing to notify Prinx of the action, the Government is left defending the agency's interpretation of that company's data without the assistance of the company itself. Whether the Defendant moves to dismiss or the error is permitted to be belatedly cured should not matter to Bridgestone, but the Defendant's insistence on consolidation forces our hand. Furthermore, the Prinx case is on an entirely different schedule than the instant matter having been commenced long after Plaintiff's case. Progress has been further delayed in that action by this very motion because the Defendant asked to postpone its filing of the

---

[2] Defendant-Intervenors AFL-CIO et al in the instant action.

3

administrative record, which by necessity does not correspond to the record filed here with respect to the documents required to be provided under Rule 73.2(b)(1).  See Id.

Rather than serve judicial efficiency or avoid conflicting results, consolidating these actions would only serve to delay a fair and just outcome for Plaintiff in this action.  Bridgestone is the largest supplier and distributor of tires in the United States.  At this time, there is no significant domestic production of tires subject to the antidumping duty order to whom Bridgestone could turn to meet the needs of the American driver.  Due to ongoing and significant trade actions against China, Bridgestone responsibly moved its supply chain sourcing to Thailand, the world's leading supplier of rubber. Bridgestone is a responsible market player and sells its tires at a fair market price throughout the United States. In fact, at the preliminary determination, the only way Commerce was able to raise Bridgestone's margin from ZERO to a barely-above-de-minimis rate of 2.35% was through the application of partial adverse inferences, due to inconsistencies in the reporting of U.S. customer zip codes (a field not used in the calculation of U.S. price).  Bridgestone believes a calculated rate using its reported U.S. prices at the final determination would result in a margin at or below its 2% prelim rate, however, Commerce refused to calculate a rate for the company based on an extremely flimsy claim of non-cooperation which is the issue before the Court in this action.  In the meantime, Bridgestone is subject to a total adverse facts available (AFA) rate of 48.38%, requiring cash deposits of up to hundreds of millions of dollars at the border.  Without judicial relief, Bridgestone will once again be required to retool its international supply chain because, whether Commerce or the labor union allegedly representing the non-existent U.S. tire industry likes it or not, Americans need tires.

An expeditious resolution of this case for Bridgestone is the only thing that approaches justice for the company, and we respectfully ask the Court to allow Plaintiffs to try to reach that goal by avoiding the unnecessary delays that would come from consolidation. Defendant's Motion to Consolidate should be denied.

                Respectfully submitted,

                /s/ Daniel Cannistra
                Daniel Cannistra, Esq.
                Pierce Lee, Esq.
                Valerie Ellis, Esq.

                Crowell & Moring
                1001 Pennsylvania Ave., N.W.
                Washington, D.C.  20004

                *Counsel for Bridgestone Americas Tire Operations, LLC*

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE GARY S. KATZMAN, JUDGE

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 24-00263 |
| UNITED STATES, | ) | PUBLIC DOCUMENT |
| Defendant, | ) | |
| and | ) | |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC. | ) | |
| Defendant-Intervenors. | ) | |

## ORDER

Pursuant to Plaintiff's Response in Opposition to Defendant United States' Motion to Consolidate cases, it is hereby ORDERED that:

    Defendant's Motion to Consolidate cases is denied.

SO ORDERED.

Dated: _____, 2025                           _____
      New York, New York                                        Judge