**UNITED STATES COURT OF INTERNATIONAL TRADE**
Before: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> *Defendant-Intervenor*. | Court No. 24-00263 |

**DEFENDANT-INTERVENOR'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY**

Defendant-Intervenor, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "USW"), respectfully submits this response in opposition to the motion of Plaintiff Bridgestone Americas Tire Operations, LLC ("Bridgestone"), which seeks leave to file a reply in support of its pending request to complete or supplement the administrative record in the above-captioned matter. *See* ECF No. 54 ("Bridgestone's Motion.") For the reasons set forth below, the USW respectfully requests that the Court deny the motion and decline to take notice of the proposed reply as part of the record on appeal.

Bridgestone filed its original motion nearly four months ago on February 25, 2025. *See*

ECF No. 34. As part of its motion, Bridgestone submitted an affidavit from its legal counsel alleging that the U.S. Department of Commerce ("Commerce") reviewed certain documents during on-site verification of Bridgestone's sales data in the antidumping duty investigation of truck and bus ties from Thailand. *See* ECF No. 34-1 (Affidavits of Mr. Daniel Cannistra and Mr. Pierce J. Lee). Defendant United States and the USW filed written responses to oppose Bridgestone's motion. *See* ECF Nos. 36 and 37. Bridgestone was not entitled to a reply because its motion to complete or supplement the record is non-dispositive. *See* USCIT Rule 7(d) and (g).

Subsequently, all parties (including Bridgestone) availed themselves of additional opportunities to present their respective positions in written responses to questions posed by the Court (*see* ECF Nos. 43 through 46), an in-person oral argument (*see* ECF No. 47), and post-argument submissions (*see* ECF Nos. 50 through 52). Thereafter, in accordance with this Court's instructions, Commerce submitted affidavits of two agency officials that were responsive to the factual allegations in the affidavits that Bridgestone submitted with its original motion. *See* ECF Nos. 53-1 (Affidavit of Ms. Faris Montgomery) and 53-2 (Affidavit of Mr. Jonathan Schueler); *see also* ECF No. 48 (ordering the filing of a "responsive declaration or affidavit" including "rebuttal or agreement with the affidavits presented by Plaintiff").

There can be no question that Bridgestone has had plenty of opportunities to present affirmative and rebuttal arguments in support of its motion to complete or supplement the administrative record. Even so, Bridgestone insists on having the final say on the matter and seeks leave from the Court to file a reply to address the Commerce verifiers' affidavits. As stated above, the Court's rules generally do not permit a movant to file a reply on a non-dispositive motion. *See* USCIT Rule 7(d) and (g). While the Court may accept such a filing at its discretion, nothing in Bridgestone's motion demonstrates that it would be appropriate for the Court to allow

a reply in this case.[1]

Bridgestone asserts that it should be granted leave to file a reply because the Commerce verifiers' affidavits "claim{}, for the first time, that the rebate information Bridgestone has repeatedly sought to include in the record was received and rejected as 'new factual information' during verification." Bridgestone's Motion at 2. Bridgestone is simply wrong. The Commerce verifiers' affidavits are supported by the certified administrative record and are entirely consistent with the final issues and decision memorandum. *See* Issues and Decision Memorandum at 11–37. Commerce found numerous issues with Bridgestone's reporting of rebates in the U.S. market in its initial and supplemental questionnaire responses. *See id.* at 21–22 (section entitled "*Requested Documentation for Rebates in the U.S. Market*") and 24–28 (section "Rebates in the U.S. Market.") As explained in the final issues and decision memorandum, the verifiers determined that it would be improper to accept the full report from Bridgestone's rebate tracking system as a minor correction, and the arguments that Bridgestone raised in its case brief did not give Commerce a reason to change its mind. The verifiers retained sample pages from the rebate tracking system as a verification exhibit for the limited purpose of documenting Commerce's verification methods. *See* Bridgestone CEP Sales Verification Exhibits at CEP-VE-10, P.R. 255, C.R. 521 (July 8, 2024). Thus, contrary to Bridgestone's assertions, the Commerce verifiers' affidavits do not present an about-face from Commerce but instead are consistent with Commerce's prior position as reflected in the administrative record and the final issues and decision memorandum.

This Court's rules are to be "construed, administered, and employed by the court and the

---

[1] While Bridgestone has attached its proposed reply to its motion, the Court's rules require the motion itself to "state with particularity in a single document the grounds for seeking the order and the legal argument necessary to support it." USCIT Rule 7(b)(1)(B).

3

parties to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT Rule 1. The parties and the Court have already devoted significant time and resources to litigate Bridgestone's motion to complete or supplement the administrative record. At this point, granting Bridgestone leave to file a reply would only go over previously plowed ground and further delay briefing on the merits in this case. While Bridgestone suggests that the government's behavior has delayed this case, it is Bridgestone's own litigiousness that has resulted in inordinate delay. Indeed, Bridgestone's motion has also prevented the USW's separate appeal of the final determination from moving forward. *See United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC v. United States*, Ct. No. 25-00004, ECF No. 27 (Ct. Int'l Trade Mar. 27, 2025) (ordering that the motion to consolidate and proposed briefing schedule be held in abeyance). Allowing a reply brief would not serve the interests of judicial economy and the conservation of resources. The guiding principle set forth in USCIT Rule 1 thus supports denying Bridgestone's motion.

\*   \*   \*

For all of these reasons, the USW respectfully requests that the Court deny Bridgestone's motion for leave to file a reply and decline to take notice of the proposed reply as part of the record on appeal.

Respectfully submitted,

 /s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner
Elizabeth J. Drake
Saad Y. Chalchal*
Nicholas C. Phillips**

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

Dated: June 12, 2025

*Counsel to the USW*

*Admitted only in New York and New Jersey. Practice limited to matters before federal courts and agencies.

** Admitted only in New York. Practice limited to matters before federal courts and agencies.

## UNITED STATES COURT OF INTERNATIONAL TRADE
Before: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> *Defendant-Intervenor*. | Court No. 24-00263 |

## **ORDER**

Upon consideration of Plaintiff's Motion for Leave to File Reply, the responses thereto filed by Defendant and Defendant-Intervenor, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the motion is denied; and it is further

**ORDERED** that the proposed reply will not be considered as part of the record on appeal.

_____
Gary S. Katzmann, Judge
U.S. Court of International Trade

Dated: _____, 2025
        New York, New York

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response contains 984 words (including text, quotations, footnotes, headings, and attachments). In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the response.

Dated: June 12, 2025                                    /s/ Luke A. Meisner
                                                        Luke A. Meisner